AARON S. BRIGHT, Respondent, *v.* THE CANADIAN INTERNATIONAL STOCK YARD AND ABATTOIR COMPANY (LIMITED), Appellant.

*Ratification — knowledge of the facts essential to — broker's comissions, when collectible from a corporation.*

In order to establish a ratification it must be shown that the act alleged to constitute it was done with full knowledge of the facts. It is impossible for the directors of a corporation, who knew nothing about an agreement which the president of the company had undertaken to make in their behalf, to ratify it.

In order that a broker may recover his commissions as against a corporation he is bound to show that he was employed by it to do the thing he did, and it is entirely immaterial that he introduced the parties with whom the corporation negotiated and that it completed its negotiations with those parties, if he is unable to show an employment and an agreement to pay for his services. The rule which requires a party to give up those things which he has received under a contract, if he does not desire to be bound by it, has no application to such a case.

O'BRIEN, J., dissenting.

APPEAL by the defendant, The Canadian International Stock Yard and Abbatoir Company (Limited), from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of May, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 13th day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

*J. L. Bishop*, for the appellant.

*A. Kling*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover a sum alleged to be due from the defendant to the plaintiff upon an alleged contract. It was strictly in its nature an action by a broker to recover commissions alleged to have been agreed upon.

The contract sued upon was made by one Dodge, as the president of the defendant, with the plaintiff. It was conceded upon the trial, and the court so charged the jury, that the president of the company had no power to make this contract on behalf of the cor-

poration, and that it was necessary in order that the same might be binding upon the corporation that it should have been either directly or indirectly confirmed by its board of directors; and the jury were further instructed that the directors of the corporation might with full knowledge of the facts ratify the action of the president, which in its inception was not binding upon them, and that if the company received the fruits of any contract obtained through the instrumentality of the plaintiff it was liable whether those fruits turned out to be of value or not.

The defendant raised the point, upon the termination of the plaintiff's case, and also upon the completion of all the evidence and before the same was submitted to the jury, that there was no evidence showing this contract to be binding upon the company, and that there was no liability upon the part of the defendant to the plaintiff.

As has already been stated, it was conceded that there was no authority upon the part of the president to bind the corporation to such a contract, and the jury must have found its verdict either upon the theory that there was a ratification or that the corporation could not deny the contract because it had entered into agreements with other persons who had been introduced to its officers by the plaintiff.

There was no evidence of ratification, because it was not shown that the board of directors, at the time the corporation entered into the contracts which are claimed to have been brought about by the intervention of the plaintiff, knew of the existence of then alleged contract between the president of the corporation and the plaintiff. One of the principles of ratification is that it must be done with full knowledge of the facts, and if the directors did not know anything about this agreement which the president of the company attempted to make on their behalf it would be impossible for them to ratify.

If the contract is to be supported at all, it must be upon the theory that the defendant has received the fruit of the plaintiff's labor, and is, consequently, liable in respect to a contract of which it had no knowledge.

The learned court fell into an error and made a misapplication of the principle as to the necessity of a party giving up those things

which he has received under a contract if he does not desire to be bound by it.   Such rule has no application to the case at bar.   In order that the plaintiff in this action should recover as against this defendant he was bound to show that he was employed by it to do the thing which he did do.   And it is entirely immaterial that he introduced the parties with whom the defendant negotiated and that it completed its negotiations with these parties, if the plaintiff is unable to show an employment and an agreement to pay.   Take the ordinary case of a broker.   In order that he should recover he is bound to show employment, and that he was the procuring cause of a sale, if a sale be the subject which is involved.   If the broker introduces one party to the other and a sale results, unless he is able to show employment, that fact does not entitle him to compensation. So in the case at bar, unless the plaintiff can show that he was employed to do the things he did, certainly the defendant, in ignorance of any liability arising from his intervention, cannot be held bound to an agreement in respect to which it was absolutely ignorant.   The plaintiff has failed to show any employment upon the part of the defendant which was essential to his cause of action. And when it is stated that the defendant has not returned that which it received under its contract with the parties with whom it negotiated and contracted, it is clear that the rule has no application to the facts in the case at bar.   How could it return ?   In what way could it restore the situation ?   That depended upon the will of other parties, and the defendant could be held to its contract by the other parties.   It is not like a case where the sole question is as to a contract between two parties, in which one desires to rescind the contract, he keeping that which he has got under it.   The defendant got nothing under the contract of the plaintiff with Dodge, and there is nothing that it can return which it has received under that contract.   Therefore, it seems to us evident that there was a complete failure of proof when the plaintiff failed to show an original employment upon the part of the defendant or a subsequent promise to pay.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FOLLETT, J., concurred.

O'BRIEN, J. (dissenting):

The plaintiff and the president of the defendant company signed a contract, by the terms of which the plaintiff was to perform certain services, for which he was to receive some stock and money. That plaintiff performed his part of the agreement the testimony tended to show, and were it a contract between individuals, there can be no doubt that a verdict upon such evidence would not be disturbed.   The defense is that the president of the defendant corporation had no power to make such a contract, such right being reserved to the board of directors.

The evidence tends to show that the defendant reaped advantage from plaintiff's work, but though admittedly benefited thereby, it claims to have accepted such benefit without knowledge of plaintiff's employment by its president.   Evidence was also offered to show that in addition to the president, other officers knew of the employment.   Apart, therefore, from the original authority, the question was submitted to the jury as to whether there had or had not been a ratification by the defendant, the court saying : " I have also charged you, gentlemen, that a corporation may ratify a contract which was invalid in its inception, and it may do that in two ways : *First,* if knowing all the facts, it deliberately, by a vote of the directors, ratifies the transaction ; and, *secondly,* by receiving the fruits which have grown out of the carrying out of the invalid contract."   I think this was a correct statement of law, and the jury having found in plaintiff's favor upon the question of ratification, the verdict seems to me right and should not be disturbed.

Aside, however, from this, I think there was a question as to whether or not the company was not bound, notwithstanding the provisions of the by-law, by a contract that was made by its chief executive officer, in connection with a matter which presumably was within the scope of his authority, concededly made for the benefit and advantage of the corporation, which the latter reaped and which it holds ;- and this I do not think it should be permitted to do without making just compensation to the plaintiff.

Having concluded that the judgment is right, I dissent from the conclusion reached by the majority in reversing it and ordering a new trial.

Judgment and order reversed, new trial ordered, with costs to appellant to abide event.