BENEDICT v. PELL.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. BROKERS—EMPLOYMENT—RIGHT TO COMPENSATION.

A real estate broker induced S. to purchase certain real estate, and introduced him to the agent of the owner, and S. and the broker were afterward introduced to the owner by the agent. There was no evidence that the owner ever authorized his agent to employ a broker, or that this one was employed by the agent, or that the owner was informed of the broker's occupation, or that the sale was made by the

owner with knowledge of such fact, or that the broker was assuming to act for him. The contract for the sale of the property stated that the owner's agent was the only broker engaged in the sale, as far as the vendee knew, and the owner was informed by his agent that there were no brokers connected with the transaction. *Held*, in an action by the broker against the owner for commissions, that the evidence of the broker's employment was insufficient to sustain recovery.

**2. SAME—INSTRUCTIONS.**

Where the question whether a real estate broker was employed by the owner is in issue in an action for a broker's commission, and the evidence thereon is conflicting, it is error to instruct that the broker is entitled to recover if he was the procuring cause of the sale for which commissions are claimed, as the instruction takes the question of employment from the jury.

Appeal from trial term, New York county.

Action by Julian Benedict against Alfred D. Pell for a compensation for broker's services. From a judgment in favor of the plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

George H. Gilman, for appellant.
Robert L. Stanton, for respondent.

INGRAHAM, J. The action was brought by a real estate broker to recover commissions upon the sale of a piece of real estate by the defendant. At the end of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the plaintiff was not employed by the defendant, and that the defendant had no knowledge that the plaintiff was a broker, or assumed to act for him. This motion was denied, to which the defendant excepted.

The plaintiff testified: That he called upon a Mr. Smith, and suggested that he (Smith) purchase a piece of property on the northwest corner of Thirty-Fourth street and Broadway. That Mr. Smith informed the plaintiff that, if the property could be had, he (Smith) would be interested in it. That after this interview the plaintiff called upon a Mr. Bollinger, and asked whether he knew if the corner had been sold. That Bollinger said, so far as he knew, the corner was not sold; that it could still be bought, but the owner was not in the city; that he was abroad, somewhere in Spain; and that it could not be bought until he returned. That the plaintiff subsequently called at the house of the defendant, and was informed by somebody, in the absence of the defendant, that a Mr. Potterton was the defendant's agent. That the plaintiff subsequently called on Potterton, who said that he represented the defendant, but that the property could not be sold until the defendant's return from Europe. That subsequently the witness, with Smith, the proposed purchaser, called upon Potterton, when the plaintiff was told that if he had any proposition to make for the property, and would put it in writing, it would be delivered to defendant when he returned from Europe. That Smith then wrote a letter to the defendant in which he offered $325,000 for the property, and this letter was delivered to Potterton, who informed the plaintiff and Smith that he thought the property could be pur-

chased for that sum. That at a subsequent interview with Potterton he said that the defendant had been offered $350,000 for the property, but that he would take $375,000 cash for it, and the plaintiff made an appointment to see the defendant at 3 o'clock that afternoon. That at 3 o'clock the plaintiff and Smith called upon the defendant, and were introduced to him by Potterton, who then left the room. That the defendant stated that he would not consider an offer of $325,000, but that he had told his agent, Mr. Potterton, that $375,000 was what he wanted, and it would have to be all cash. That, after talking a few minutes, Smith agreed to take the property for $375,-000, and paid $5,000 cash; $70,000 to be paid on signing the contract, and $300,000 on July 18th at 10 o'clock, when the deed was to be delivered. Subsequent to the signing of this contract the plaintiff sent the defendant a bill for his commissions as a broker, which the defendant refused to pay. In a contract that was signed between Smith and the defendant there was a provision that "George A. Potterton is the only broker who brought about this transaction, and, so far as the vendee knows, no other broker is concerned herein." There is no evidence that at any time the defendant was informed that the plaintiff was a broker, or assumed to represent him in the transaction; and there is no evidence that the defendant either directly or indirectly employed the plaintiff, or accepted Smith's offer with knowledge that the plaintiff purported to be a real estate broker, or to represent him in the transaction.

We have thus a case in which there was no employment of the plaintiff by the defendant, and in which the defendant had no knowledge that the plaintiff assumed to represent the defendant in any way. Upon the evidence it would appear that the plaintiff acted as the agent of Smith in procuring the property, as he first called on Smith and suggested a purchase of the property, and subsequently acted at Smith's request or in his behalf in procuring the property. To justify a recovery, there must be an employment of the broker, either express, or implied from the circumstances surrounding the transaction. There was certainly no express employment in this case, and no facts were proved to justify an implied employment which would make the defendant liable for the services rendered by the broker in procuring a purchaser of the property. The mere fact that the plaintiff was a broker raised no such implication. Potterton was called as a witness for the defendant, and testified that he had a power of attorney from the defendant on his bank account, but had no authority over his property; that the rents were sent to him by the real estate agent, and he deposited them for the defendant; that he never stated to the defendant that the plaintiff was a broker, or claimed to act in that capacity; that he stated to the defendant that there were no brokers in the transaction, but that Smith and Benedict had come to the witness to buy the property, and had waived any right to commissions. The defendant testified that at the interview between the plaintiff and Smith nothing was said about brokers or commissions; that the defendant had no knowledge that Benedict was a broker, or claimed any commissions, or that he had assumed to represent the defendant.

At the close of all the testimony the defendant asked the court to direct a verdict for the defendant upon the grounds that there was no employment, and no evidence to show that the defendant knew at the time the contract was made that the plaintiff assumed to act as a broker or had any relation to the transaction except as an associate or employé of the purchaser. This motion was denied, and the defendant excepted. The court then submitted the question ot the plaintiff's claim to the jury as follows:

"It is claimed that at that time Potterton was acting in this transaction as the agent of Mr. Pell. If he was acting as the agent of Mr. Pell in the transaction, his acts would be binding upon his principal."

The court then, at the request of the plaintiff, charged the jury that:

"If the plaintiff was the procuring cause of the sale by the defendant to Smith, or Smith's assign, he is entitled to his commission. (2) If the plaintiff brought the minds of the purchaser and the defendant together, so that they definitely agreed on the price to be paid and the terms of the sale, and those terms were executed, so that the defendant got his price for the property, the plaintiff is entitled to a verdict."

To this the defendant excepted.

These requests of the plaintiff charged by the court entirely eliminated from the consideration of the jury the question of the employment by the defendant; and, even if there had been evidence to justify the jury in finding that there was an implied employment, the charge of these requests, in the form that they were charged, was error, and requires a reversal of the judgment. We think, however, that there was no evidence of any employment of the plaintiff by the defendant. There is no evidence that Potterton had authority from the defendant to employ brokers to act for him in the sale of his real estate; no evidence that Potterton did employ the plaintiff to act for the defendant for that purpose; no evidence that the plaintiff ever assumed to act for the defendant. The offer to purchase the property was submitted by the purchaser to Potterton, who transmitted it to the defendant. There is no authority to which our attention has been called that would justify a recovery for commission because a broker called upon the owner of property. The plaintiff seems to rely in proving this employment upon the fact that Potterton was the defendant's agent; but there is not a particle of evidence to justify a finding that Potterton was authorized by the defendant to employ a broker to act for him, or that he ratified an employment of the plaintiff by Potterton, or that Potterton ever employed the plaintiff. Before there could be a ratification there must be knowledge by the principal of the act of the assumed agent which it is claimed the principal ratified. An agent acting without authority cannot file a caveat against the right of the owner to act for himself. It is a general principle of the law of agency that a principal is not bound by the acts of the agent not within the actual or apparent scope of the agency simply because the agent falsely asserts that they are within it. Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827. Here there was neither an actual nor apparent authority conferred upon Potterton to employ brokers for the defendant, and whatever knowledge Potterton had of the plaintiff's relation to the transaction, not communicated to

the defendant, the defendant is not chargeable with.  It is hardly necessary to cite authorities to prove that there must be an employment to entitle a broker to commission for the sale of the property; but what was said by Judge Woodruff in Pierce v. Thomas, 4 E. D. Smith, 354, so concisely states the legal principle involved that the decision of this case can be rested upon his opinion.  He says:

"To entitle a broker to recover commissions for effecting a sale of real estate, it is indispensable that he should show that he was employed by the owner, or on his behalf, to make the sale.  A ratification of his act, where original employment is wanting, may, in some circumstances, be equivalent to an original retainer, but only where there is a plain intent to ratify.  An owner cannot be enticed into a liability for commissions against his will. A mere volunteer without authority is not entitled to commissions merely because he has inquired the price which an owner asks for his property, and has then sent a person to him who consents to take it.  A broker has no better claim to recover for voluntary service rendered without employment, and not received and acted upon by the owner as rendered in his behalf, than any other volunteer.  * * *  If, upon this proof, an owner is liable, and against his express refusal to employ the plaintiff, then no man is safe in stating to applicants the terms upon which he will sell.  It is not true that an owner may not declare his price to whom he will, without the hazard of paying commissions to those who volunteer, unasked, to send him a purchaser on his own terms."

In Bright v. Abattoir Co., 83 Hun, 482, 32 N. Y. Supp. 71, the presiding justice says:

"Take the ordinary case of a broker.  In order that he should recover, he is bound to show employment, and that he was the procuring cause of a sale, if a sale be the subject which is involved.  If the broker introduces one party to the other, and a sale results, unless he is able to show employment that fact does not entitle him to compensation."

See, also, Fowler v. Hoschke, 53 App. Div. 327, 65 N. Y. Supp. 638.

The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.