HAYNES v. FRASER.

(Supreme Court, Appellate Division, Second Department. November 21, 1902.)

1. BROKERS—AGENCY—EVIDENCE.

In an action for commissions for selling defendant's real estate it appeared that plaintiff called on defendant, and asked if he wanted to sell, and what the price would be, and that plaintiff stated he had a party who might buy. In subsequent correspondence plaintiff made several offers

for the property, always speaking of the purchaser as "my client." *Held*, that plaintiff was the agent of the buyer.

Appeal from trial term.

Action by A. Conroy Haynes against Horatio N. Fraser. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James A. Boylan, for the appellant.

John J. Lenehan, for the respondent.

HIRSCHBERG, J. The action is brought to recover broker's commissions on the sale of real estate. The decision in favor of the defendant is obviously based upon a finding that the plaintiff was not employed to effect the sale, and, if supported by the fact, is in harmony with the decision of this court in Fowler v. Hoschke, 53 App. Div. 327, 65 N. Y. Supp. 638, and with that of the First department in Benedict v. Pell, 70 App. 40, 74 N. Y. Supp. 1085. A careful examination of the evidence not only discloses ample justification for the conclusion reached by the trial court, but seems to leave room for no other intelligent result. The defendant certainly did not offer the property in question for sale in the first instance, either through the plaintiff's agency or otherwise. On the contrary, it is beyond dispute that the plaintiff's connection with the transaction was chiefly, if not wholly, in consequence of the fact that he had a customer who desired to buy, and that it was his efforts in his customer's behalf which finally resulted in inducing the defendant to sell at a mutually satisfactory price. The plaintiff, although known to the defendant to be a real estate broker, was known to him only as the agent of a prospective purchaser of the defendant's property; and his activity as an agent was developed wholly in buying the property, and not in selling it. This is made clear by the correspondence between the parties. In the letters of both the plaintiff and the defendant the purchaser is referred to as the former's "client," who would like to buy the defendant's property, if the defendant was willing to sell it; and the plaintiff makes various offers or bids for it, commencing at $5,000, and gradually increasing the amount until he makes an offer of $10,500 cash, which the defendant accepts, and the deal is closed. In announcing the final bid, the plaintiff writes under date of November 28, 1901, that "my client will raise his bid to $10,500 cash, and this is the best he will do"; and the defendant causes his lawyers to reply to the proposition, they stating in their letter that: "Mr. H. N. Fraser has handed us your letter to him, dated November 28, 1901, and instructed us to say that he accepts the offer of your client of ten thousand five hundred dollars ($10,500) cash. Will you kindly send us the name of your client, so that we may make out the contract." To this letter the plaintiff replied on the following day, saying: "I have sent word to my client in reference to the acceptance of his offer on the Fraser plot, and will advise you upon receipt of his reply. I will call at your office as soon as I hear from my client." In all the correspondence there is no

hint or suggestion that the plaintiff is working in the defendant's interests, or on his employment. On the contrary, the fact is prominently presented that he is endeavoring to buy the property as cheaply as he can, and is not endeavoring to sell it at the best price which can be obtained. In other words, he makes it plain that he is working for his client, and for him alone. Nor is there in the plaintiff's statement of his interviews with the defendant anything which would even tend to support a finding of an employment. The most important interview was had the day before the plaintiff first wrote to the defendant on the subject of a sale of the property, and is detailed by the plaintiff in these words:

"I called at Mr. Fraser's office in Brooklyn, and asked Mr. Fraser if he owned the property at Cedar Lawn, Far Rockaway. Mr. Fraser said he did. I asked him if he wanted to sell it, and he said he would if he got his price for it. I asked him what his price was, and he said he hadn't fixed any price on it, because he didn't know the value at the present time; and then he gave me a history of how he got the property. I said it was a difficult matter for an agent to sell a piece of property without a price. I told him. I had a party I thought might buy the property, and I would submit it to him if I had the price, and he said for me to get an offer from my party and submit it to him."

The undisputed evidence leaves us no room for doubt that the plaintiff was employed to buy the property, and not to sell it, and that he acted throughout in the interests of his own employer, the purchaser, and not in behalf of the defendant, the seller.

The judgment should be affirmed. All concur.