KAAKE et al. v. GRISWOLD.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. BROKERS—AGENCY—LIABILITY FOR COMMISSIONS.

A broker acting for an intending purchaser in the transactions culminating in the purchase cannot enforce payment of his commissions against the vendor.

[Ed. Note.—For cases in point see vol. 8, Cent. Dig. Brokers, § 52.]

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence in an action for commissions for selling defendant's property held insufficient to support a finding that the broker was defendant's agent.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Earle Kaake and another against Emily P. Griswold. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

John M. Stearns (John J. Adams, on the brief), for appellant.
Herbert Goldmark, for respondents.

PER CURIAM. This is an action by a firm of real estate brokers to recover their commissions for services rendered in procuring a purchaser for the defendant's lease of certain property in the borough of Manhattan, and her furniture on the premises. The pleadings were oral, and the answer was a general denial. The proof established an appraisal of the furniture, which service was worth $10; but, save as to this item, the award of $170 to the plaintiffs was so clearly against the weight of evidence as to demand a reversal of the judgment, in the exercise of the power vested in the appellate court by section 326 of the Municipal Court act (Laws 1902, p. 1583, c. 580).

That the plaintiffs found a person who was ready and willing to buy the defendant's lease and furniture was sufficiently established; but it was equally clear that what the plaintiffs did to bring about

this result was done by them at the instance and request of the proposed purchaser, and not at the instance and request of the defendant at all. In brief, the brokers, so far as the projected transfer of the lease was concerned, were acting throughout the transaction as the agents of the intending vendee, rather than as the agents of the intending vendor. Under such circumstances, the brokers are not entitled to enforce payment of their commission by the intending vendor. Fowler v. Hoschke, 53 App. Div. 327, 65 N. Y. Supp. 638; Haynes v. Fraser, 76 App. Div. 627, 78 N. Y. Supp. 794. The oral testimony tending to show that the true relation of the parties was such as has been stated is cogently confirmed by a letter to the defendant written by the plaintiff Kaake the day after he had presented to her his bill of $10 for the services rendered by his firm in appraising the furniture. This communication, considered in connection with a memorandum at the foot of the bill itself, leaves no room to doubt that the writer had then abandoned any claim for commissions, such as that subsequently asserted in this suit. He speaks of the would-be vendee as his "customer," and treats his firm's claim for commissions growing out of the attempted sale of the lease as something which had been relinquished; offering to deduct the $10 from their commission if they should find a customer for the defendant's property in the future. This correspondence makes the weight of evidence against the plaintiffs too heavy to permit this court to sustain a decision in their favor.

It follows that there should be a reversal and a new trial.