CHARLES SCHICK, *Appellee*, v. THE WARREN MORTGAGE COMPANY, *Appellant*.

No. 16,394.

SYLLABUS BY THE COURT.

INSTRUCTIONS—*Direction to Consider Only Part of the Evidence —Withdrawal of Conflicting Testimony from Jury—Direction of Verdict.* Where a question of fact is presented to a jury, in the determination of which it is necessary to consider the entire evidence submitted, which is conflicting, it is error for the court to direct the attention of the jury to a small portion of the evidence and instruct them to return a verdict in favor of the plaintiff if such facts are established.

Appeal from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed March 12, 1910. Reversed.

STATEMENT.

THIS is an action to recover a judgment for money. The appellant is a corporation engaged in loaning money and is located at Emporia, Kan. The appellee resides at Shenandoah, Iowa, where he has lived about thirty years and has been engaged in buying and selling real estate, farming, cattle raising, and in mercantile and banking business. He owned real estate in Butler county, Kansas, near the town of Atlanta, in Cowley county. There was a mortgage upon this land, amounting to $2100 and some back interest, and there were some unpaid taxes. The appellee wanted to increase the amount of this loan to $4000. J. M. Parrish resided at Atlanta, Cowley county. He had formerly resided at Shenandoah, Iowa, and was there acquainted with the appellee. The latter wrote to Parrish to obtain the loan desired, and afterward came to see about it in person. Parrish had been acting for the Warren Mortgage Company in obtaining loans for it, and had in his possession blank applications for loans. One of these applications was executed by the appellee and sent to the mortgage company. After an inspection of

the land was made the appellant decided to make the loan, and notes and a mortgage were sent to the appellee at Shenandoah, Iowa, to be executed by him and his wife. In addition to these papers two other instruments were executed by the appellee and sent to the mortgage company at the same time, which read:

"ATLANTA, KAN., October 20, 1905.

"I hereby authorize the Warren Mortgage Company to pay the proceeds of my loan of $4000 to J. M. Parrish, my agent, who is authorized to received the same and pay out as per my instructions.

CHARLES SCHICK, *Applicant.*"

"SHENANDOAH, IOWA, November 1, 1905.

"I hereby authorize the Warren Mortgage Company to pay the proceeds of my loan of $4000 to J. M. Parrish, as agent, who is authorized to receive the same and pay off old mortgage and taxes and send balance to me.　　　　　　CHARLES SCHICK,
MARINTHA SCHICK,
*Applicants.*"

Upon the receipt of these papers the appellant remitted to the appellee the sum of $1500, and the remainder of the $4000 was sent to J. M. Parrish, who has not accounted for the money received. The appellee commenced this action to recover the amount paid to Parrish, claiming that he was the agent of the Warren Mortgage Company when the money was paid to him. It is claimed by the appellee that the letter of transmittal to Parrish establishes this agency. The letter reads:

"*Mr. J. M. Parrish, Atlanta, Kan.:*　　　　11-11-'05.

"DEAR SIR—We enclose you herein the supplemental abstract in the French loan, with check for $2180, being the amount due on the loan, less the amount due Merriam. We also enclose letter from Merriam, with the statement of the amount due them, which please return to us at once when you have showed it to French. When you have taken up the bank release wire us, and we will remit to Merriam. Do not pay out a cent till you have the bank release, as we do not want to get caught in another Carroll scrape.

"We also enclose check for $1600, in payment for the Silvey loan. Please take up this release, complete the abstract, and send us the completed abstracts, with the insurance policy, as soon as possible.

"We also enclose check for $1683, in payment of the proceeds of the Huddleston loan. Please take up all deeds and releases, and send us the completed abstract as soon as possible.

"We also enclose check for $450, in payment of the proceeds of the Goodman loan, and the abstract and mortgage to this company. To complete this title, we want:

"(1) Identify E. King and L. A. King at 3 and Ezekiel King and Lucy King at 4.

"(2) Identify J. H. Marshall at 4 and Joseph H. Marshall at 11.

"(3) Identify William Townsend at 11 and William S. Townsend at 12.

"(4) Deed from Luther F. Miller.

"(5) Record the mortgage and complete the abstract to date. Please obtain these affidavits, take up the deed, complete the abstract and return to us as soon as possible.

"We also enclose you the Schick abstract, with check for $2500, being the proceeds of the loan, less your draft for $1500, which we have paid to-day. Please take up the releases at 1 and 3, complete the abstract to date, and return to us with the original as soon as possible.

"In all cases above, where insurance is called for, please see that the policies are sent to us as soon as possible.

Yours truly,

THE WARREN MORTGAGE COMPANY."

On the other hand the appellant claims that, it having been authorized in writing by the appellee to pay the money to Parrish, and such payment having been made, it is relieved from any further responsibility. The instruments whereby such authority was given were pleaded in the answer as a defense, and, the execution thereof not being denied, was admitted by the appellee. This question of agency was controlling in the case, and under the instructions of the court the jury re-

turned a verdict in favor of the plaintiff. The mortgage company brings the case here on appeal.

*L. B. Kellogg, W. L. Huggins,* and *C. M. Kellogg,* for the appellant.

*G. H. Buckman,* and *S. C. Bloss,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: The appellant contends that the court by its instructions committed serious error and practically directed a verdict for the plaintiff. The instructions complained of read:

"The defendant further claims that the plaintiff's $4000 mortgage by its terms was to be a first mortgage upon said land, and that to make the same a first mortgage it was necessary that all liens and encumbrances then upon said land be paid off and discharged of record. And so if the jury shall find from the evidence in this case that the defendant remitted to said Parrish the $2500, with the direction or intention that said Parrish should pay off all prior encumbrances on said Butler county land, so that the mortgage given to the defendant by the plaintiff should become a first lien on said land, then the said Parrish would be in law the agent of the defendant in receiving said $2500.

"The slips of paper which have been introduced in evidence and which have been called 'authorization slips,' purport upon their face to constitute said Parrish the agent of the plaintiff to receive the proceeds of the loan and to pay off encumbrances, etc., and the signing thereof not being denied by the plaintiff in his pleadings, the execution thereof is admitted; under the issues made by the pleadings in the case, however, the jury are not bound by said slips as to whether the plaintiff in fact constituted said Parrish his agent for the purpose recited therein, but the question of agency is to be determined by you from all the facts and circumstances of the case, and in doing this it is your duty to go behind the technical wording of the instrument and from the entire evidence determine as a matter of fact the question of agency; the parties to a contract can not irrevocably fix the status of a third party in

his relation to them by calling him an agent of one of them, if the facts and circumstances show that such was not the fact."

We concur in the criticism made upon these instructions by the appellant. It will be seen that while the general theory of the court was that the question of agency was one of fact to be determined upon all the facts and circumstances shown by the evidence, the jury were limited to the contents of a letter from the appellant to Parrish, about which there was no contention. This left the jury no alternative. It was bound to find for the plaintiff. The letter mentioned in the instructions contained language specifically directing the payment and release of prior encumbrances. The general subject of the letter, however, related to business transactions having no connection whatever with the loan to the appellee. The reference made to this loan was merely incidental to the general purpose of the letter and contained suggestions that would naturally have been made to the appellee himself, being with reference to a matter in which they were mutually interested.

The appellant insists that the appellee, having in writing authorized and directed the payment of the money to Parrish as his agent, to be used in the release of the prior mortgage, the question of the agency of Parrish became one of law and not of fact. It does not appear, nor is it claimed, that the appellee was induced to execute this written authority on account of any fraud, mistake, misrepresentation or misunderstanding of any kind. On the contrary, it does appear that he executed the written paper freely and voluntarily and with full knowledge of the purpose for which it was to be used. While this and other circumstances were in evidence, they were excluded from the consideration of the jury by the instructions of the court. If the theory of the court concerning the question of agency was correct, then it should have been submitted

to the jury upon the whole evidence. This was not done. On the contrary, it was submitted upon a mere fragment of the evidence, which fragment was undisputed. In our view, therefore, the judgment must be reversed for this misdirection of the jury. This renders it unnecessary to consider the question whether the written authority given by the appellee to the appellant to pay the money to Parrish presented a question of law or not.

The judgment of the district court is reversed, with direction to grant the appellant a new trial.