No. 24,480.

R. GRAHAM, *Appellee*, v. HENRY T. BUESCHE, *Appellant*.

SYLLABUS BY THE COURT.

1. AGENCY—*Existence of Agency Disputed—Question of Fact for Jury.* Where the existence of an agency is disputed its existence or nonexistence is ordinarily a question of fact for the jury to be determined on proper instructions.

2. SAME—*Erroneous Instructions.* Where the existence of an agency is the principal issue in a case it is error for the court, in its instructions, to assume its existence.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed May 12, 1923. Reversed.

*J. S. Hynes*, of Kansas City, for the appellant.
*E. Q. Stillwell*, of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This was an action to recover an alleged agent's commission for the rental of a building. Trial was to a jury. Plaintiff recovered judgment for $1,650, and defendant appeals.

Plaintiff, in his petition, alleged, among other things, that he was engaged in the real-estate business; that defendant owned the building which is the subject of this controversy; "that in 1920, plaintiff, acting as the agent of defendant, negotiated a lease of said property to the United Cigar Stores Company of America, a corporation, for a period of twenty years for the consideration of $95,000, as follows:

"$4000 per year from January 1st, 1921, to January 1st, 1931;
"$5000 per year from January 1st, 1931, to January 1st, 1936;
"$6000 per year from January 1st, 1936, to January 1st, 1941.

"That said negotiations were finally completed and said lease executed and delivered to said defendant on November 17, 1920; that said defendant accepted said lease at said time, thereby accepting plaintiff's services in relation thereto, which were reasonably worth $1,650; that, by reason of the premises, defendant is indebted to the plaintiff in the sum of $1,650, which is wholly past due."

The facts, in substance, were that the United Cigar Stores Company, with headquarters at Chicago, decided that defendant's building was a desirable location for a branch store in Kansas City, Kan.

Graham v. Buesche.

About the 1st of November, 1920, it sent a representative in the person of one Block to procure a lease. On his arrival in Kansas City, Block telephoned the defendant and inquired the prospect for leasing the building and was advised that there was not much chance for making a lease. Afterwards, and on the same day, he visited the office of the plaintiff and made known his wishes regarding a lease. The plaintiff thereupon telephoned the defendant requesting him to come to plaintiff's office. Defendant, in response to the request, came to plaintiff's office and there met Block. Negotiations were opened for a lease of the building which were later consummated by defendant entering into a lease with the Cigar Stores Company for a period of twenty years for a consideration of $95,000. Plaintiff demanded payment of $1,650 as commission on the grounds that he was instrumental in procuring the lease. There was disputed testimony as to conversations between plaintiff and defendant, as to whether or not plaintiff was defendant's agent, and whether defendant agreed to pay a commission. The principal question before the court for consideration was as to whether there was an agency. Defendant assigns several specifications of error, among others, that the court erred in its instructions. The instruction complained of is as follows:

"Now if the jury find from the evidence that the plaintiff brought the defendant and the lessee, the United Cigar Stores Company, together, in the first instance, and that said lessee and the defendant entered into negotiations after and as a result of being brought together by the plaintiff, and a lease was consummated; or, if the jury find from the evidence, that plaintiff may not have brought the defendant and lessee together in the first instance, that the defendant knowingly and voluntarily accepted the assistance and services of the plaintiff, and that said assistance and service were instrumental in defendant's obtaining said lease, then you are instructed that the plaintiff, in either case, would be entitled to recover, and your verdict should be for the plaintiff, but can not exceed the sum of $1,650."

This instruction was apparently based on the assumption that agency existed, whereas, the question of agency was the main issue in dispute. The jury might have been justified, from all the circumstances, in finding that the plaintiff was the agent of the other party. In *Benedict v. Pell,* 74 N. Y. Supp. 1085, it was held:

"Where the question is whether a real estate broker was employed by the owner, is in issue in an action for a broker's commission, and the evidence thereon is conflicting, it is error to instruct that the broker is entitled to recover if he was the procuring cause of the sale for which commissions are claimed, as the instruction takes the question of employment from the jury."

In *Schick v. Warren*, 82 Kan. 90, 107 Pac. 536, it was held:

"Where a question of fact is presented to a jury, in the determination of which it is necessary to consider the entire evidence submitted, which is conflicting, it is error for the court to direct the attention of the jury to a small portion of the evidence and instruct them to return a verdict in favor of the plaintiff if such facts are established." (Syl.)

The existence or nonexistence of the agency was a fact to be determined by the jury (2 C. J. 960 and cases cited.) It was the main issue in the case. Under the instruction complained of the jury was relieved from giving it consideration. This was error compelling a reversal. Other questions need not be discussed. The case is reversed with instructions to grant a new trial.