JOSEPH OSTROFF et al., Appellants, *v.* GEORGE DOCTOR, Respondent.

**Real property — sale — brokers — commissions — where real estate brokers found a customer willing to take and pay a satisfactory price for the owner's land, he cannot repudiate the sale and refuse to pay commissions, merely because the name of the true purchaser is not disclosed to him in the first instance.**

1. Plaintiffs, who are real estate brokers, were authorized to procure a purchaser for defendant's land. They found some one who offered to take it and pay a satisfactory price and reported this and the name of the purchaser to defendant. Defendant then changed his mind, refused to sell to any one and refused to pay commissions. Under the circumstances the plaintiffs are entitled to recover. The fact, as appeared upon the trial, that such purchaser intended to sign the contract, take the conveyance and execute a purchase-money mortgage in the name of a corporation which he controlled, of which he had said nothing to the brokers, is insufficient to uphold a judgment in favor of defendant if the corporation is ready and able to perform. Repudiation of any and all obligation under the contract of employment is not to be justified thereafter by evidence of omissions unthought of at the time and easily corrected. If a buyer has in fact been found and his name would have come out in the normal progress of the transaction, the right to compensation is not lost though the name is not reported. Since disclosure is important only to enable the owner to investigate and close, the omission is unimportant when he gives notice that he is unwilling to do either.

2. A defendant is always in a position, by demanding a bill of particulars, to protect himself where the complaint, as in this case, states the procurement of a purchaser without mention of the name.

*Ostroff* v. *Doctor,* 206 App. Div. 695, reversed.

(Argued April 14, 1924; decided May 20, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 22, 1923, unanimously affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*Henry C. Burnstine* for appellants. The dismissal of the complaint and directed verdict for defendant constituted error. (*Rosenblatt* v. *Bergman,* 202 App. Div. 220; *Randrup* v. *Schroeder,* 22 Misc. Rep. 367; *Konner* v. *Anderson,* 32 Misc. Rep. 511; *Bloch* v. *Lowe,* 51 Misc. Rep. 8.)

*Sidney Nordlinger* for respondent. The broker must produce to the seller a person who is ready, able and willing to purchase the property upon the owner's terms. (*Sibbold* v. *Bethlehem Iron Co.,* 83 N. Y. 378.)

CARDOZO, J. The action is by brokers for the recovery of commissions.

The plaintiffs, authorized to procure a purchaser for the defendant's land, found some one who offered to take it and to pay a satisfactory price. They reported to the defendant that the name of the proposed purchaser was Schenk. The defendant then changed his mind, refused to sell to any one, and refused to pay commissions. This action followed. On the trial it came out that Schenk intended to sign the contract, take the conveyance and execute a purchase-money mortgage in the name of a corporation which he controlled. He had said nothing about this to the plaintiffs. Testimony was offered and excluded that the corporation was financially responsible. The trial judge ruled that the brokers had failed to fulfill the conditions of their employment in failing to disclose the name of the true purchaser, and so ruling directed a verdict in favor of the defendant.

We are unable to uphold the judgment. A broker to earn commissions must procure a customer ready and able to buy upon the terms stated by the seller. Procurement will commonly include the disclosure of the buyer's name, for without this the seller cannot investigate financial responsibility, nor even close the contract. But disclosure, though commonly a condition, is one that

may be waived either expressly or by conduct. Repudiation of any and all obligation under the contract of employment is not to be justified thereafter by evidence of omissions unthought of at the time and easily corrected. If a buyer has in fact been found and his name would have come out in the normal progress of the transaction, the right to compensation is not lost though the name is not reported (*Duclos* v. *Cunningham,* 102 N. Y. 678). Since disclosure is important only to enable the owner to investigate and close, the omission is unimportant when he gives notice that he is unwilling to do either. In such circumstances the fact rather than the report will fix the right to compensation.

If the test is what was done, the plaintiffs must succeed. They procured a buyer ready and able to close the purchase upon the terms prescribed by the defendant. They thought, it is true, that he would sign as an individual, but the procurement would have been theirs none the less if he had signed as officer or agent. The defendant checked the natural progress of the transaction to a conclusion then in sight by the sudden and wrongful refusal, no matter who the buyer might be, to pay commissions for the service. In these circumstances, the plaintiffs would have gone through an empty form if they had reported to defendant thereafter that Schenk was purchasing as agent. One might as well say that it would have been their duty in the face of such a repudiation to give notice that he was to take title as the trustee of an estate. The time for idle ceremony was past (*Stokes* v. *Mackay,* 147 N. Y. 223, 235).

Stress is laid by the defendant upon the danger of surprise. An owner learning the name of the proposed buyer for the first time upon the trial, has no opportunity, it is said, to investigate the buyer's ability to pay. We think the danger unsubstantial. A defendant is always in a position by demanding a bill of particulars to protect himself against surprise where the complaint, as in this

case, states the procurement of a purchaser without mention of the name.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

Hiscock, Ch. J., Pound, McLaughlin, Crane, Andrews and Lehman, JJ., concur.

Judgments reversed, etc.