MYLTON L. MELTZER, Respondent, v. FLYING FAME, INC., Appellant.

First Department, June 15, 1928.

*Alvin C. Cass* of counsel [*Edward D. Dowling* and *Martin E. King* with him on the brief; *Dowling, Cass & Curran*, attorneys], for the appellant.

*Joseph Dannenberg* of counsel [*Jacob J. Lazaroe*, attorney], for the respondent.

O'MALLEY, J.   The plaintiff's recovery of a verdict for real estate broker's commissions is predicated upon his claim of an implied contract of employment by the defendant and its promise to pay for his services.   This claim has no support in the evidence.  His letter to the defendant in which he sought to ascertain whether its property was in the market, stated: " I may mention that I do not seek this information for listing purposes, but upon the earnest solicitation of one of my clients."

In testifying, plaintiff admitted that when this letter was written he had no client, and that it was a so-called form letter, which he was accustomed to send to owners of real property, and that the representation in such letter that he had a client was adopted to induce proposed sellers to give information which he felt would not be forthcoming upon an ordinary request.

After the receipt of defendant's letter which gave the terms upon which it would sell, the plaintiff then made efforts to find a purchaser.   He finally secured one Low, and the finding of the jury imports that he was successful in bringing Low and the defendant to an agreement upon the terms submitted by the defendant.

In the view we take, it is immaterial whether, as appellant's counsel contends, this finding was against the weight of the evidence.  To succeed, the plaintiff was bound to prove that in the negotiations carried on he was acting as agent for the defendant, and that he had its promise to pay for his services.   In this he clearly failed.  There was no evidence whatever of an express contract of employment or agreement to pay, and as already appears, the plaintiff concededly relies upon one implied in law.   True, the plaintiff

was known to the defendant as a broker, but " only as the agent of a prospective purchaser of the defendant's property, and his activity as an agent was developed wholly in buying the property and not in selling it." (*Haynes* v. *Fraser*, 76 App. Div. 627.) In the circumstances here disclosed the defendant had a right to assume that the plaintiff was representing the purchaser, whom, in the first instance, he represented he had, and whom he finally brought forward.

In *Fowler* v. *Hoschke* (53 App. Div. 327) it was said: " It is well settled that if a broker, without a previous request, brings a customer to a vendor, and the latter, without further acceptance of the broker's services, takes the customer, the broker is not entitled to a compensation. An owner is not obliged to refuse a possible customer because services which he has not requested have been obtruded upon him, *nor can he be enticed into a liability for commissions without his knowledge.* In order to entitle a broker to commissions, there must be an actual employment or a ratification and acceptance of the broker's acts, but in such case the intention to ratify must be plain, and no ratification could be inferred where no claim was made by the broker, and the fact that he was acting as broker was not drawn to the attention of the seller at the time." (Italics ours.)

The rule enunciated is well settled by numerous authorities. (See 43 A. L. R. 848–850, III, IV; *Benedict* v. *Pell*, 70 App. Div. 40; *McVickar* v. *Roche*, 74 id. 397.) Here there was no element of ratification and the ultimate sale was made to a third party.

The defendant was not required to move for dismissal upon the specific ground upon which our decision is based. His motion for dismissal at the close of the plaintiff's case, renewed at the end of the whole case, upon the ground that plaintiff had failed to make out a cause of action, was sufficient.

It follows that the determination of the Appellate Term and the judgment of the City Court should be reversed, with costs to the appellant in this court and in the Appellate Term, and the complaint dismissed, with costs.

FINCH, MERRELL and McAVOY, JJ., concur.

Determination of Appellate Term and judgment of the City Court reversed, with costs in this court and in the Appellate Term, and the complaint dismissed, with costs.