HILLIARD JUDIS, Respondent, *v.* V. B. HOLDING CORPORATION, Appellant, Impleaded with DOUGLAS L. ELLIMAN & Co., INC., and Another, Defendants.

First Department, February 14, 1936.

*Alexander Pfeiffer* of counsel [*Pfeiffer & Crames*, attorneys], for the appellant.

*David Steckler* of counsel [*Edmund B. Hennefeld* with him on the brief], for the respondent.

PER CURIAM. The action was for damages for breach by the corporate defendant, the owner of certain real estate, of an alleged agreement to accept a purchaser procured by the plaintiff, a real estate broker. The appeal is by the defendant V. B. Holding Corporation from a judgment which the plaintiff has recovered against it as damages for the commissions which the prospective purchaser was ready to pay, and which plaintiff was precluded from earning, by reason of defendant's alleged refusal to consummate the sale of the property. Prior to the trial, the action was discontinued as against the other defendants.

Upon the evidence, we are of the view that no agreement of employment, either express or implied, was shown between the plaintiff and the defendant. In the absence thereof, plaintiff could not recover from the defendant any brokerage commissions, nor could plaintiff recover as damages the sum which plaintiff would have earned as commissions from the prospective purchaser had the latter and defendant entered into a contract of sale. (*Grossman* v. *Herman*, 266 N. Y. 249; *Barrett* v. *Lang*, 243 App. Div. 35, 39–41; affd., 269 N. Y. 511; *Meltzer* v. *Flying Fame, Inc.*, 224 App. Div. 41; *Goff* v. *Adelson*, 229 id. 802.)

Even were we to assume that plaintiff had in fact been employed by defendant to find a purchaser, the plaintiff nevertheless failed to bring about a meeting of the minds between the defendant and the prospective purchaser, not only as to the sum the defendant was to be paid for its equity in its property, but also as to other essential terms of the transaction.

We are of the opinion that plaintiff failed to establish any cause of action against the defendant. The judgment accordingly should be reversed, with costs, and the complaint dismissed upon the merits, with costs.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and COHN, JJ.; O'MALLEY and UNTERMYER, JJ., dissent and vote for affirmance.

UNTERMYER, J. (dissenting). In his letter of March 8, 1934, to the defendant's representative the plaintiff stated: "I have a client who I feel I could interest in this property. If you would please fill in the information as outlined on the enclosed card, I feel that we might be able to do something."

In reply the defendant's representative, by letter of March 12, 1934, referred the plaintiff to Mr. Elliman, of Douglas L. Elliman & Co., Inc., for information, stating that the owner "will be delighted for you to take the matter up with him." It appears to me that these letters, coupled with the letter of March fourteenth

from Douglas L. Elliman & Co., Inc., to the plaintiff containing particulars of the property and stating that " the owner is willing to take for her equity $25,000 net," clearly constituted implied authorization to the plaintiff to offer the property for sale to his client on these terms.

I am further of opinion that the letter of March fourteenth is susceptible only of the interpretation which the uncontradicted proof also discloses to be the customary meaning of such a provision in the real estate trade. If Douglas L. Elliman & Co., Inc., had only stated that the owner would accept " $25,000 net " for her equity, without specifying the incumbrance on the property, the defendant's contention might be tenable. But when they set forth the particulars of the property, including " a first mortgage of $386,000 at six per cent, due January, 1935, held by the Lawyers Mortgage Company," and coupled this with the statement that " the owner is willing to take for her equity $25,000 net," their letter could only have meant that the owner's equity was the equity above the first mortgage to which express reference had been made. The owner might then no more assert that the purchaser must take the property subject to unpaid taxes, the existence of which had never been revealed, than it could have required him to take the property subject to a second mortgage not disclosed either to the broker or the purchaser.

I think the minds of the parties met on all the essential terms of the contract (*1240 Third Ave., Inc.*, v. *Birns*, 232 App. Div. 522), but even if their minds had not met on every detail the plaintiff would not be deprived of compensation on account of omissions " unthought of at the time and easily corrected " where the defendant by its repudiation " checked the natural progress of the transaction to a conclusion then in sight." (*Ostroff* v. *Doctor*, 238 N. Y. 264.)

The judgment should be affirmed.

O'MALLEY, J., concurs.

Judgment reversed, with costs, and complaint dismissed, with costs.