Foster, J.
This is an appeal from an order setting aside the verdict of a jury of no cause of action. The action is to recover a real estate commission. Plaintiff alleges that he was hired by the defendants to sell their property; that he procured a purchaser and the property was sold for $10,000, and that he is entitled to a commission as a licensed real estate broker in the sum of $1,000. The answer of the defendants is a general denial. ■
The testimony shows that plaintiff stopped at defendant’s premises when he saw a sign thereon indicating that the same were for sale. According to the defendant, Jane Wiltsie, whom he met at the time, he was told that the defendants were not' interested in placing their property in the hands of a real estate agent, and for that reason had placed a sign on the premises. Later plaintiff came back with a party who ultimately bought the property. At the initial meeting, and in the subsequent negotiations, nothing was said by the plaintiff that he was acting as an agent for the defendants, nor was anything said about a commission or the amount thereof until after the transaction was closed. This version of the facts is that of the defendants, which we must accept since the verdict of the jury was in their favor. Both parties to the deal were represented by attorneys when title was closed.
The verdict was set aside on the ground that it was incredible to believe that the defendants silently accepted the benefit of a purchaser produced by the plaintiff without expecting to pay a commission, and hence that the verdict for the defendants was against the weight of evidence. We are constrained to disagree with this conclusion.
*171 The burden of proof was on the plaintiff to establish that he was acting as an agent for the defendants and had their promise, express or implied, to pay for his services. (Meltzer v. Flying Fame, Inc., 224 App. Div. 41; Kaake v. Griswold, 104 App. Div. 137.) The fact that plaintiff was a licensed real estate broker and defendants knew him to be such did not alone discharge this burden. “ A mere volunteer without authority is not entitled to commissions, merely because he has inquired the price which an owner asks for his property, and has then sent a person to him who consents to take it.” (Benedict v. Pell, 70 App. Div. 40.) An owner cannot be enticed into liability for commissions against his will by a volunteer without authority. (McVickar v. Roche, 74 App. Div. 397.)
In this case there was, we think, a fair question of fact as to whether defendants employed the plaintiff, and the jury resolved this issue against the plaintiff. We cannot find-in the record any preponderance of evidence against the verdict.
The order should be reversed and the verdict reinstated, with costs to the appellants.
All concur.
Order reversed on the law and facts, and .verdict reinstated, with costs to the appellants.