EDWARD FAVA et al., Appellants, v. CARL RASWEILER et al., Respondents.—

There is no proof whatever that defendant Lloyd Carl Rasweiler, a co-owner with defendant Carl Rasweiler of one of the parcels involved in the proposed sale, employed plaintiffs, authorized their employment, or ratified their employment. (*Barrett* v. *Lang*, 243 App. Div. 35, affd. 269 N. Y. 511; *Judis* v. *V. B. Holding Corp.*, 246 App. Div. 273, affd. 272 N. Y. 483.) There was proof, however, that plaintiffs were employed by defendant Carl Rasweiler, that such employment was authorized or ratified by defendant George P. Rasweiler, and that plaintiffs produced a buyer ready, able and willing to purchase upon the terms fixed. However, plaintiffs did not sue on the theory of *quantum meruit*, nor did they prove the reasonable value of their services. (Cf. *Mulhall* v. *Bradley & Currier Co.*, 50 App. Div. 179.) Neither did they allege, or prove on trial, any agreement by these defendants to pay commissions, or any agreement by them, for plaintiffs' benefit, that they would sell the property involved to a purchaser obtained by plaintiffs, who would buy the property on their terms, so that plaintiffs might earn the commissions which were to be paid by the purchaser so obtained. (Cf. *Fox Co.* v. *Wohl*, 255 N. Y. 268; *Ackman* v. *Taylor*, 296 N. Y. 597.) Respondents did not urge such failure to plead, or failure of proof, in moving to dismiss the complaint, nor do they urge such deficiencies on this appeal, but contend that the complaint was properly dismissed because plaintiffs did not establish a hiring by all three defendants. If the deficiency in plaintiffs' pleading and proof had been called to their attention on trial, they might have cured the defect in pleading by appropriate amendment, and offered additional proof. Under the circumstances, it is our opinion that they should not be precluded from commencing a new action against defendants Carl Rasweiler and George P. Rasweiler, if so advised. Nolan, P. J., Carswell, Sneed and Wenzel, JJ., concur; Johnston, J., concurs insofar as the judgment, as modified, dismisses the complaint, on the merits, as against defendant Lloyd Carl Rasweiler, but dissents insofar as it dismisses the complaint, without prejudice, as to defendants Carl Rasweiler and George P. Rasweiler, and as to these defendants he votes to reverse the judgment and to grant a new trial, with the following memorandum: The ground for the recommendation of affirmance of the dismissal, without prejudice, as to defendants Carl Rasweiler and George P. Rasweiler is that there was neither allegation in the complaint nor proof on the trial of an agreement by them to sell on the terms on which the property was listed with plaintiffs. In my opinion, when property is listed by a seller with a broker on terms, there is an implied agree-

ment that he will sell on those terms. The proof on the trial was that these two defendants agreed to sell on these specified terms. The fact that the two sellers, the buyer, and their respective attorneys met at the office of the sellers' attorney for the purpose of signing a contract further shows that these two defendants had agreed to sell on the terms previously agreed upon.