Matthew M. Levy, J.
The pertinent allegations of the complaint are substantially as follows: The plaintiff and the defendant H. Clayton Smith & Co., Inc. (both duly licensed real estate brokers) entered into an agreement to act as cobrokers and to use their joint efforts to obtain a purchaser for certain specific real estate in New York City, and they agreed to share equally the brokerage commissions payable for procuring such a purchaser. Thereafter, ‘ ‘ Smith, in its own name, but, in fact, as co-broker with plaintiff, entered into an agreement with [the defendant] Central Zone [Property Corporation] whereby Central Zone hired Smith, as broker, to procure a purchaser for it for the said real estate.” Central agreed to pay Smith the standard brokerage commission for such services. Thereafter, the plaintiff and Smith rendered services to Central, and, solely through such efforts of the plaintiff and Smith, a purchaser satisfactory to Central was procured. As a result of the combined efforts of the plaintiff and Smith, as cobrokers, Central entered into a contract to sell the premises to the purchaser for the sum of $3,400,000. The standard brokerage commission for procuring the purchaser is $43,750. The plaintiff performed the terms of its agreement with Central and of its agreement with Smith. Subsequent to the making of the contract between *761 Central and the purchaser, the plaintiff notified Central of its rights as cobroker with Smith, and demanded of Central payment of one half of the brokerage commissions payable thereon. Despite such notice and demand, Central paid the entire commission in the sum of $43,750 to Smith. The plaintiff demanded of each of the defendants payment of one half of such brokerage commission, amounting to $21,875, which has been refused. Plaintiff demands judgment against both defendants in the sum of $21,875. The matter comes before me by way of a motion by the defendant Central to dismiss the complaint as to itself upon the ground (pursuant to Rules Civ. Prae., rule 106, subd. 4) that it fails on its face to allege facts sufficient to constitute a cause of action.
Reading the complaint in its most favorable light to the plaintiff, it does not reflect the essential elements sufficient to establish any legal obligation to the plaintiff from the moving defendant. It so happens that, just a century ago, the court, in Pierce v. Thomas (4 E. D. Smith, 354, 355) laid down the principle that to “ entitle a broker to recover commissions for effecting a sale of real estate, it is indispensable that he should show that he was employed by the owner, (or on his behalf,) to make the sale.” This precept is approved and its language quoted verbatim in Benedict v. Pell (70 App. Div. 40, 45), and in Barrett v. Lang (243 App. Div. 35, 40, affd. 269 N. Y. 511). With that sound principle of law as the basic backstop for analysis of the complaint, the general tenor of the pleading — as it stands at present — is grounded upon a legal theory difficult for me to perceive. Nowhere does the plaintiff allege an agreement by Central to employ it in any capacity or to pay it for anything.
The allegations of the complaint amount to nothing more than the assertion of a private cobrokerage agreement between the plaintiff and Smith, of a separate agreement between Central and Smith alone to act as broker for sale of the property, and of Central’s payment of commissions therefor to Smith after notice to Central of the plaintiff’s claim. So far as I can tell from this pleading, the only time Central ever had notice of any claim of the plaintiff was after the contract of sale was entered into. But, at the point of contract between seller and buyer, the obligations as between seller and broker had certainly become fixed. In such circumstances, a new broker cannot inject himself into an agreement with the seller, and thus create a liability upon the seller.
The plaintiff attempts to liken its right to recover to that of a joint adventurer. Even if the complaint could be strained to *762 that extent, it still lacks elements sufficient to bind the moving defendant. There is no allegation that Central hired the joint venturers, and no allegation that it was the intention of the joint venturers to have Smith alone act on their behalf. Knowledge— actual, inferential or constructive — on the part of Central of any agreement between the plaintiff and Smith is not alleged. Just as in the case of cobrokers, employment by the seller of the joint venture, as such, is an essential element of the cause of action and should be alleged, as was done in Jenkins v. Mahoney (142 App. Div. 653).
Nor is the theory of undisclosed principal helpful to the plaintiff. In the law of agency — and, in that aspect of the jural relationship here involved, a real estate broker is but an agent — “ [a]n agent is held to the utmost good faith in his dealings with his principal (Beatty v. Guggenheim Exploration Co., 223 N. Y. 294, 304.) The relationship existing between seller and broker is, therefore, one of trust and confidence, and the contract of employment between them must, because of this, be a personal one. The employer is not compelled to select his broker at random or unbeknownst to him. Nor may the broker, once he is hired, go forth and employ a subagent; for, without specific authority from his principal, an agent has no power to delegate his trust (O. A. Skutt, Inc., v. J. & H. Goodwin, Ltd., 251 App. Div. 84). Because of this fiduciary element entering into the relationship, it also follows that cobrokers or coadventurers cannot be allowed to force or foist their private arrangements with each other upon the seller. Here, so far as this complaint discloses, the moving defendant did not employ the plaintiff. It reposed no confidence nor vested any discretion in the plaintiff, and (as I have said) had no knowledge, until after the agreement to sell had been made, of the plaintiff’s alleged connection with the matter — and, indeed, may well have been entirely unaware of the plaintiff’s very existence.
The allegations of the complaint, standing alone, do not support a cause of action against the defendant Central. The complaint is therefore dismissed, with leave to replead.