for July and August, and, in addition, the amount of their deposit, with unpaid interest. This seems to be the basis upon which the jury estimated the plaintiff's damages, and we find no error therein. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.

·(76 App. Div. 627.)

### STAATS et al. v. STORM et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. DEED—DELIVERY—SETTING ASIDE.
　　Where intelligent persons, having a vested remainder in premises· ineffectually attempted to be conveyed by a trustee to their mother, on the matter being thoroughly explained to them execute a deed of their interest to her, which is duly acknowledged, delivered, and recorded, such deed should not be set aside on an unsupported claim that it was delivered without authority.

2. TRUSTS—DEED IN CONTRAVENTION OF TRUST—ESTOPPEL.
　　Where a deed is made by a trustee in contravention of the trust, a beneficiary of the trust is not estopped from attacking the conveyance because his release to the trustee was an inducement to the trustee to make the deed.

3. TRUST ESTATE—MONEY ADVANCED TO PROTECT—EQUITABLE LIEN.
　　Where the money of mortgagees was advanced in good faith to the mortgagor, who was grantee in a deed from a trustee void because in violation of the trust, and was used in improving and protecting the trust estate and in saving and increasing the value of the property, the interests of the cestui que trust and remaindermen are subject to an equitable lien in favor of the mortgagees for the money so advanced.

Appeal from special term, Kings county.

Action by John Staats, as trustee, and Harmin V. Storm and others, infants, against Sarah A. Storm and· others. From a judgment ·in favor of defendants, plaintiffs appeal. Affirmed.

By the will of Sarah Storm the premises in controversy were left to a trustee to collect the income, and pay over to her son Harmin V. Storm during his life, and then to transfer the property to his children. With a view of selling the property, Harmin V. Storm and the children joined in a warranty deed to his wife, Sarah A. Storm. He executed a release to the trustee, and the trustee executed a deed to Sarah A. Storm. She then borrowed money, which she used in protecting and improving the property, and executed a mortgage on· such property to secure the payment of such loan. The object of the suit was to cancel such deeds and mortgages.

The following is the opinion of SMITH, J., at special term:

That the deed of the trustee to Sarah A. Storm is void against the interests of the contingent remainder has been already decided in the case of Storm v. Remsen, 11 App. Div. 630, 42 N. Y. Supp. 1133, on appeal, 160 N. Y. 693, :55 N. E. 1101. The children of Harmin V. Storm had vested estates in re-·mainder in the premises attempted to be conveyed by the trustee to their :mother, and such estates were alienable by them. They asked to have their ·conveyance to their mother set aside on the ground that it was delivered without authority. This contention has but little support in the evidence. They are intelligent people. The whole matter was thoroughly explained to

them. It was the desire of the whole family that the mother should have the title to the property, and it is incredible that their deed to her was recorded and acted upon after it was executed and acknowledged by them without their consent. The deed of their interests was duly executed, acknowledged, delivered, and recorded, and should not be set aside. The deed of Harmin V. Storm to his wife was ineffective, because he has no estate in the property attempted to be conveyed by him. It is claimed that he is estopped from attacking the conveyance of the trustee to his wife because the release executed by him to the trustee was an inducement to him to make a conveyance. The deed, having been made under contravention of the trust, was absolutely void against Harmin V. Storm. I do not think the statute should be nullified by making the deed unassailable under the doctrine of estoppel. In re Brennan, 21 App. Div. 236, 47 N. Y. Supp. 661.

The only remaining question is, what are the rights of the mortgagees in the premises? Their money was advanced in good faith, and was used in improving and projecting the property and the estate, and to a certain extent saving and increasing the value of the property. Under well-established rules of equity, I think the interest of the cestui que trust and contingent remaindermen are subject to an equitable lien in favor of the mortgagees for moneys advanced by them to preserve and permanently improve the property and enhance its value. Thomas v. Evans, 105 N. Y. 605, 12 N. E. 571, 59 Am. Rep. 519.

Judgment in accordance with this memorandum to be settled on five days notice.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Edward A. Alexander, for appellants.

Hitchings, Pallisser & Moen, George C. Case, and David F. Manning, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of SMITH, J., at special term.

---

In re COLLIS, Commissioner of Public Works.

DIGNEY et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. MUNICIPAL CORPORATIONS—COMMISSIONERS OF APPRAISAL—COMPENSATION—SERVICES—PROOF.

Under Laws 1897, c. 713, providing that commissioners of appraisal in proceedings to acquire real estate in connection with the water supply of the city of New York "shall receive as compensation the sum of $10 per day for each day actually employed," on an application to tax the fees of such commissioners, their affidavit that they were so actually employed a certain number of days is prima facie evidence of that fact, and is not rebutted by an affidavit of the corporation counsel that he has no facts in his possession to enable him to determine whether this allegation is true or not, except that it appears from the stenographer's minutes that they met a certain number of times, less than the number of days stated in their affidavit.

Goodrich, P. J., dissenting.

Appeal from special term, Westchester county.

Application of John M. Digney and others for taxation of their fees as commissioners of appraisal in proceedings to acquire real estate