(86 App. Div. 267.)

### BRADY et al. v. AMERICAN MACHINE & FOUNDRY CO.

(Supreme Court, Appellate Division, Second Department.  July 24, 1903.)

1. BROKERS—AGENCY—EVIDENCE.

In an action for commissions for leasing defendant's property, it appeared that plaintiff, at the instance of a person whom he denominated his "client," called on the manager of defendant to ascertain whether defendant was willing to lease the property in question, and that defendant finally leased it to a company whose representatives were led to enter into the contract through the agency of plaintiff.  *Held* insufficient to establish an employment by defendant.

2. SAME—CUSTOM—EFFECT.

The existence of a custom to the effect that, when brokers negotiate a lease of real property, the lessor pays the commission, cannot fasten on a property owner any liability, as the employer of a broker, simply because he leases the property to one induced by the broker to take it, without any request, expressed or implied, on the part of the owner.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by John F. Brady and William F. S. Ollivier, comprising the firm of Brady & Ollivier, against the American Machine & Foundry Company.  From a judgment for plaintiffs, defendant appeals.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

John W. Ingram, for appellant.
William Seward Shanahan, for respondents.

WILLARD BARTLETT, J.  This is an action to recover commissions which the plaintiffs claim to have earned, as real estate brokers, in effecting the lease of certain factory property in Brooklyn from the American Machine & Foundry Company, the defendant, to the Mayhew Dynan Silk Company.  To justify a recovery in their behalf, it was essential for the plaintiffs to establish an employment by the defendant.  This, I think, they have failed to do.  The evidence goes no further than to show that the plaintiff Brady, at the instance of a person whom he himself denominates his "client," called upon the manager of the defendant to ascertain whether his corporation was willing to lease the factory property in question, and that the defendant did finally lease such property to the Mayhew Dynan Silk Company, whose representatives were led to enter into the con-

tract through the agency of Mr. Brady. At no time during the negotiations between the defendant's manager and Mr. Brady was anything said or done, so far as is disclosed by this record, which indicates that the manager had any idea of ever employing the plaintiffs to act in his behalf or that of his corporation. It seems to me that no ingenuity can fairly spell out of the proof in this case any contract of employment on behalf of the defendant. "To entitle a broker to recover commissions for effecting a sale of real estate, it is indispensable that he should show that he was employed by the owner (or on his behalf) to make the sale." Pierce v. Thomas, 4 E. D. Smith, 354. This doctrine is equally applicable to a case like this, where a broker seeks to recover commissions for effecting a lease of real estate. "It is well settled that if a broker, without a previous request, brings a customer to a vendor, and the latter, without further acceptance of the broker's services, takes the customer, the broker is not entitled to compensation." Fowler v. Hoschke, 53 App. Div. 327, 65 N. Y. Supp. 638. In its facts, the case at bar is very much like Haynes v. Fraser, 76 App. Div. 627, 78 N. Y. Supp. 794, except that the alleged employment in that case was to effect a sale, and in this case it was to effect a lease. Here, as there, the defendant certainly did not offer the property, in the first instance, either through the plaintiffs' agency or otherwise, but the plaintiffs' connection with the lease arose out of the fact that Mr. Brady had a "client" who desired to obtain factory property like that owned by the defendant.

None of the cases cited in the brief for the respondents holds that employment can be made out by such evidence as was adduced in support of this claim. In Lloyd v. Matthews, 51 N. Y. 124, the defendant had expressly stated that he had a piece of property "which he would like to have the plaintiffs sell." In Sussdorff v. Schmidt, 55 N. Y. 319, there was evidence which justified the inference that the claim of the plaintiff to brokerage was recognized by the defendants by their promise to pay it; whereas, in the case at bar, the manager of the defendant, who represented it in the transaction, not only expressly refused to pay any commission, but denied any liability therefor as soon as it was demanded. In Walton v. Chesebrough, 39 App. Div. 665, 57 N. Y. Supp. 687, the defendant, when the commission was demanded by the brokers, objected to paying 1 per cent., but offered to pay $500, thus acknowledging the justice of the claim for some compensation. The case of Diamond & Co. v. Hartley, 38 App. Div. 87, 55 N. Y. Supp. 994, does not appear to have involved any question as to the employment of the plaintiff by the defendant, while in Martin v. Bliss, 57 Hun, 157, 10 N. Y. Supp. 886, there was an express proof of employment, the owner having offered to give the broker $600 if he could sell her house for $50,000. I can find nothing in any of these decisions which sustains or tends to sustain the position of the plaintiffs upon this appeal.

Considerable proof was introduced tending to show the existence in Brooklyn of what is called a "custom," to the effect, that where brokers negotiate a lease of real estate, the lessor pays the commission. Such a custom, even if it exists, cannot fasten upon a property owner any liability as the employer of a broker simply because he con-

sents to let his property to some one who is induced to lease it through the agency of the broker, without any request, express or implied, on the part of the owner.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.