## EINHORN v. P. DERBY & CO.

(Supreme Court, Appellate Term. April 8, 1911.)

1. BROKERS (§ 40*)—COMPENSATION—NECESSITY OF EMPLOYMENT.

To recover for services as a broker, one must show actual employment.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 38–40; Dec. Dig. § 40.*]

2. BROKERS (§ 8*)—EMPLOYMENT—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to show employment as a broker to procure a lessee.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 9; Dec. Dig. § 8.*]

Appeal from City Court of New York, Trial Term.

Action by Moses Einhorn against P. Derby & Co. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Harris & Towne (William H. Harris and Fancher Nicoll, of counsel), for appellant.

Strasbourger, Eschwege & Schallek (Emanuel Eschwege, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered for services which he claims he rendered for the defendant in procuring a person ready, willing, and able to enter into a lease for a store in Canal street upon terms and conditions agreed upon between the defendant and the proposed lessee. [1] In order to recover for services as a broker, the plaintiff must show that he was actually employed by the defendant. [2] He alleges in his complaint that he was employed to procure a lessee upon terms and conditions to be agreed upon, but I fail to find any evidence sufficient to sustain a finding that he was employed by the defendant for the purpose alleged or any other purpose. He testifies that he saw a sign "To Rent" upon the building, with the name of Cruikshank on it. Exactly who Cruikshank was does not appear, but probably he was a broker. Plaintiff entered the building and spoke to a man named Cowee, employed in defendant's store. No employment by Cowee is shown. After that plaintiff saw Pierce & Co., presumably as possible lessees, and then saw Cowee again. It does not appear what conversation plaintiff had with Cowee, nor that Cowee had any authority to bind the defendant, nor that he reported any conversation to defendant's officers. Thereafter plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought a Mr. Brigante, who wanted, as plaintiff knew, a store on Canal street. Brigante looked over the place with an architect, and then he and the plaintiff went to see the officers of the defendant.

Up to this time there was unquestionably no employment of plaintiff by defendant, and the serious question presented to us in this case is whether or not the defendant at that interview employed the plaintiff, or accepted his services as broker. The sole grounds upon which the employment can be predicated are that the plaintiff was introduced as a broker, and was present when Brigante and the defendant's officers discussed and apparently agreed upon the terms, and that thereafter one of the officers sent for Brigante and Einhorn together. Certainly from this evidence no express employment may be inferred. If defendant is liable at all, it must be for the acceptance of services under circumstances that a promise to pay therefor may be properly inferred. In this case, however, I can find no such circumstances. Even if the plaintiff was actually working for the defendant, it does not appear that any of its officers had knowledge that services were rendered in its behalf. He comes in without previous employment, introduces a proposed lessee for whom he had previously procured leases, and so far as the evidence shows in no way thereafter rendered the defendant any services. The defendant's officers had no notice that he was acting for them previously, and there is not a scintilla of evidence that they thereafter accepted or requested his services.

The respondent lays stress upon the fact that one of the officers thereafter sent for him and Brigante together to discuss terms; but it seems to me that this fact is consistent rather with the view that he was regarded as Brigante's agent than as their agent. Upon the whole case I am of the opinion that the verdict is not supported by the evidence and against the weight thereof, in that the plaintiff has failed to prove that he was ever employed by the defendant as a broker to lease its property. Miller v. Waclark Realty Co., 139 App. Div. 47, 123 N. Y. Supp. 837; Brady v. American Machine & Foundry Co., 86 App. Div. 267, 83 N. Y. Supp. 663.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.