### EINHORN v. P. DERBY & CO.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. BROKERS (§§ 40, 49*)—COMMISSIONS—REQUISITES.
   For a real estate broker to recover a commission, he must establish the employment and the performance of the service.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 38–40, 70–72;  Dec. Dig. §§ 40, 49.*]

2. BROKERS (§ 86*)—COMMISSIONS—EVIDENCE—SUFFICIENCY.
   In an action by a broker to recover compensation for procuring a person willing to lease defendant's building, evidence *held* sufficient to raise an implied promise on the part of defendant to pay for the broker's services.
   [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 86.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRIAL (§ 165*)—TAKING CASE FROM JURY—CREDIBILITY OF TESTIMONY.
    Upon a motion to dismiss at the close of plaintiff's evidence, the trial judge cannot take the case from the jury on the ground that plaintiff's case was established by perjured testimony, but can only consider whether plaintiff has made a prima facie case.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

Appeal from City Court of New York, Trial Term.

Action by Moses Einhorn against P. Derby & Co. From a judgment dismissing the action at the close of plaintiff's case, he appeals. Reversed and remanded.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Strasbourger, Eschwege & Schallek (Emanuel Eschwege, of counsel), for appellant.

Harris & Towne (William H. Harris and Fancher Nicoll, of counsel), for respondent.

LEHMAN, J. Plaintiff sues for services which he claims he rendered in procuring a person ready, willing, and able to enter into a lease of certain premises upon terms agreed upon by the defendant.

[1, 2] The action is the usual one for broker's commissions, and requires proof of the same elements which must be proven in other actions for services rendered, viz., employment and performance of the service. The plaintiff has had two trials. At the first trial he was successful, but upon appeal this court reversed the judgment in an opinion written by myself (128 N. Y. Supp. 659), holding that there was no proof of employment. At the second trial the plaintiff and his son added to their former testimony that at two different interviews with officers of the defendant company the plaintiff was introduced by one of the defendant's employés as the "broker who was trying to lease their building for them." The defendant's officers never disclaimed any employment of the plaintiff, and their silence can be construed as either an admission of his employment or an acceptance of his services, with such knowledge of his claim that he was representing them, as to raise an implied promise to pay for these services. Nevertheless the defendant's counsel moved at the close of plaintiff's case for a dismissal of the complaint, on the ground that no employment of the plaintiff was shown, and the trial justice granted the motion.

[3] The dismissal of the complaint on this ground was error, unless the trial justice had a right to disregard this testimony completely, on the ground that it was palpable perjury. The trial justice elicited from the plaintiff's attorney that the opinion of this court on the previous appeal was called to the attention of the plaintiff and his son. Obviously, the additional testimony was the result of this opinion, and is therefore open to grave suspicion. Possibly, if the defendant's officers denied these statements, and yet the jury believed the plaintiff, some question might arise as to the preponderance of evidence; but no such question arises upon the motion to dismiss. The trial justice, upon that motion, has a right to consider only whether the plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has made out a prima facie case. He cannot at that stage decide as to the truth of the testimony adduced. Since it was the duty of the trial justice, regardless of his own opinion of the good faith of the plaintiff, to allow the jury to weigh the credibility of the plaintiff's testimony, it follows that the judgment must be reversed, regardless of our opinion on the same point.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.