[Civ. No. 1693.    Second Appellate District.—May 25, 1915.]

WILLIAM F. HOWSLEY, Respondent, v. CORONA SECURITY CORPORATION, Appellant.

CONTRACTS—PROCURING LOAN—LIABILITY FOR COMMISSION.—In this action to recover for services in procuring a loan for a corporation it is held that the evidence was sufficient to sustain the findings of the trial court in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of Riverside County. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

W. S. Clayson, for Appellant.

J. W. McKinley, Frank Karr, and A. W. Ashburn, Jr., for Respondent.

CONREY, P. J.—In this action plaintiff seeks to recover upon a demand assigned to him, alleged to be due upon a contract to pay commissions for services rendered in procuring a loan. The defendant answered denying that it made such contract and denied that the services were rendered. The court made its findings in favor of the plaintiff. Defendant appeals from the judgment, and the question first presented is whether there is evidence to justify these findings.

The defendant is a California corporation doing business at Corona in Riverside County. In September, 1913, defendant was endeavoring to borrow the sum of twenty-five thousand dollars or more on mortgage security for purposes connected with its business. Some difficulty was experienced in obtaining a loan of that amount and its secretary, Charles T. Hildreth, who was actively representing the defendant in negotiating this loan, came to Los Angeles with a note of introduction to Newman Essick, plaintiff's assignor in this action. Mr. Essick was vice president of the Traders Bank of Los Angeles. After informing Mr. Hildreth that the Traders Bank would not consider the desired loan, Mr. Essick stated in substance that probably the money could be obtained from a life insurance company and that he would be willing to assist defendant in procuring the money. The circumstances following indicate that Hildreth accepted this suggestion, although the statement made by him at the time is not set forth in the testimony, except that Essick testified that "he asked me to get it." After Hildreth's return to Corona, Essick brought the proposition in question to the attention of a life insurance company, which declined to be interested; whereupon he made further efforts, which were successful, to secure favorable attention from the Pacific Mutual Life Insurance Company. With the consent of a vice president of that corporation, Essick placed the matter in the hands of E. W. Maxson, an agent of the insurance company, and shortly thereafter Maxson and Essick went to Corona, where Essick introduced Maxson to Hildreth and to other directors of the Corona Security Corporation, defendant herein. This was the end of Essick's active services with reference to the loan. After considerable further negotiations, including several trips of Maxson to Corona, the loan was made.

Immediately after introducing Maxson to the directors of defendant, Essick called Hildreth aside from the others and

stated that if this loan should be made there would of course have to be a commission paid to him.   Hildreth inquired what the rate would be, to which Essick replied that he would want the regular going commission in Corona.   Substantially the same conversation occurred between Hildreth and Essick in the afternoon of that day at the railroad station, in addition Hildreth stating that he understood that loans were being made for one per cent in Corona.   Essick said that he understood it was two per cent, but that whatever was right, whether one or two per cent, whatever was the going per cent he would take, after which, according to the testimony of Essick, Hildreth said: ".All right, we will leave it that way."   The evidence shows that on that day Hildreth had informed the directors of his corporation that Essick was claiming the right to a commission, but there is no evidence that before the loan was concluded defendant gave to Essick any information that it would decline to recognize his claim.   Some of the testimony, especially that of Hildreth, conflicts in some particulars with the foregoing statement of facts.   But we must assume that the facts were as above stated, since such, in effect, is the finding of the court, based upon sufficient evidence.   The court found that one per cent was the established rate at Corona, and gave judgment for two hundred and fifty dollars instead of the five hundred dollars demanded in the complaint.

Appellant's contention assumes that the matter of this proposed loan was presented to Essick as vice president of the Traders Bank, and it is urged that in dealing with a bank in the manner shown by the record herein a person is not "liable to pay an officer of that bank for services performed for a customer where nothing is said about employment or compensation for services until after the services are completed." But the facts assumed in the argument of counsel on this proposition are not the facts of the case.   It must have been plainly apparent to Hildreth that Essick was not acting for his bank in rendering the services that were performed by him for defendant's benefit.   There is no evidence whatever that defendant was a customer of the Traders Bank or had business relations with it at any time.   And the defendant proceeded to accept the benefit of the services rendered by Essick, well knowing that he had an expectation, which the directors did not disavow and to which their representative had assented,

that defendant would pay for these services a commission at "the going rate in Corona."

Conceding that proof of an employment to perform services of this kind is essential to the right to recover compensation therefor, we think that the evidence herein is sufficient to support the court's finding in favor of the fact of employment. The case is very different from that of *Einhorn* v. *Derby & Co.*, 128 N. Y. Supp. 659 (cited by appellant), where the plaintiff's activities in the transaction were those of a mere volunteer and it did not even appear clearly that he was acting in behalf of the defendant.

The judgment is affirmed.

James, J., and Shaw, J., concurred.