FRANCIS L. SKELLY, as Trustee, Respondent, *v.* JAMAICA BAY MANUFACTURING COMPANY and Others, Defendants, Impleaded with FRANKLIN CHAMBERLIN and JOHN JAMIESON, Appellants.

Second Department, March 1, 1918.

Mortgage — foreclosure of trust mortgage given to secure bonds — lien on after-acquired property of corporation — purchase of property by manager of corporation in his own name — when lien of such purchaser superior to that of trust mortgage — priorities — when payment of prior liens will be decreed on foreclosure.

Action to foreclose a trust mortgage given by the defendant corporation on property owned by it and covering property which might be thereafter acquired for the purpose of securing a bond issue. Subsequent to the execution of the mortgage the corporation acquired a lease of other lands with an option to purchase at any time during the term of the lease and erected buildings on the leased property, but never exercised the option to purchase. It appeared that one of the individual defendants, having subsequent to the mortgage become director, treasurer and manager of the defendant corporation and having full control thereof, took from the lessor a deed of the leased premises in his own name paying the consideration out of his own funds and thereafter at his own expense constructed an artesian well on the lands which was necessary for the operations of the defendant corporation, no part of which expenditures were repaid to him as the corporation had at no time funds wherewith to make such repayment. The defendant manager also raised other moneys for the benefit of the corporation through loans made by another defendant to whom he gave a mortgage upon the parcel of lands purchased by him. The defendant manager and the person from whom he borrowed money for the corporation claim in the suit of foreclosure that their liens upon the lands purchased by said manager in his own name are superior to that of the trust mortgage. Evidence examined, and *held,* that in equity said manager was entitled to the position of the holder of a purchase-money mortgage to the extent of the moneys paid for the lands and the advancements made for the benefit of the corporation, and that his lien upon the lands purchased in his own name was superior to the lien of the trust mortgage.

As the claim of the trustee suing to foreclose the mortgage is purely equitable it is incumbent upon him to do equity.

*Held further,* that the mortgage which the defendant manager gave to the defendant from whom he borrowed money for the benefit of the corporation was also superior to the lien of the trust mortgage as well as to that of the manager himself.

Although the general rule would be that the foreclosure of the trust mortgage should take place subject merely to the liens of said defendants without the foreclosure of their liens, yet under the circumstances as the trustee elected to foreclose upon the parcel of land on which the defendants had superior liens it was equivalent to an election on his part to exercise the option in the lease to purchase the property, and hence the court should decree that the prior liens of said defendants should be paid out of the proceeds of the sale of the whole property.

APPEAL by the defendants, Franklin Chamberlin and another, from part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 21st day of September, 1917, upon the decision of the court after a trial at the Queens County Special Term.

*Alvin Theo. Sapinsky,* for the appellant Chamberlin.

*W. Arrowsmith,* for the appellant Jamieson.

*Robert J. Culhane,* for the respondent.

MILLS, J.:

These are appeals by the defendants Franklin Chamberlin and John Jamieson from the judgment entered herein in Queens county, September 21, 1917, upon a decision rendered after trial at the Queens Special Term, the appeal by Chamberlin being from a specified part of the judgment, which relates to a certain parcel of real estate described in the complaint, and that by Jamieson being from the entire judgment.

The action is to foreclose a trust mortgage given by the defendant, the Jamaica Bay Manufacturing Company, to secure an issue of bonds by it. The mortgage was so drawn as to include not only the property then owned by the company, but also all which it might thereafter acquire. The company was engaged in the business of manufacturing ice in its plant at Rockaway Beach, Queens county. The mortgage was given on January 7, 1907, and at that time the company was the owner of one parcel of land there, and in the fall of that year became the owner of another adjoining parcel. In February, 1909, it leased from the Tilyou Realty

Company a third and adjoining parcel of land for a term expiring February 15, 1914, which lease contained an option to purchase the said parcel for the sum of $10,000 at any time during the term of the lease. The Jamaica Company, while so occupying the said parcel called " B " in the complaint, erected a building and set up its plant upon it, as well as upon the other two parcels, so that the buildings of the company containing its plant were practically constructed upon all three parcels as one and operated as one plant. The company never exercised that option. The said Chamberlin first became interested in the company in 1907 by purchasing $5,000 of its bonds. It soon became financially embarrassed, and he took stock and additional bonds and in various ways put into it a considerable sum of money, estimated by him to amount to about $25,000. He shortly became director, treasurer and manager of it and so continued. He appears to have run it upon his own motion, without any considerable action by the board of directors. On February 17, 1913, he took from the said Tilyou Realty Company a deed of the said demised premises to himself and paid to that company therefor the sum of $10,000 of his own money; and in July, 1916, he constructed upon said parcel an artesian well, which was needed for the operation of the plant, at a cost to him of $3,700; and the company has not repaid him for such expenditures in whole or in part, and the company at no time has had funds wherewith to make such repayment. He raised $3,500 of the said $3,700, and also the further sum of $8,173 for the use and benefit of the company in other ways by obtaining those amounts, viz., $12,214.74 in the aggregate, from the defendant Jamieson, and gave to him therefor a mortgage upon the said parcel " B," such mortgage being for the nominal sum of $25,000, but really only to cover the advances which aggregated the said amount of $12,214.74, and the said Jamieson has not been repaid the same in whole or in part.

The complaint alleged that the said mortgagor had, since and through the said deed to the said Chamberlin, dated February 17, 1913, been the owner in fee of the said parcel " B " and asked foreclosure in the usual form as to all the parcels described therein, including that parcel, and alleged

that the defendants Jamieson and the said Chamberlin were merely persons having or claiming to have some subsequent interest and asked that they should be foreclosed as such. It also asked that any " prior lien or incumbrance on said mortgaged premises " might be paid out of the proceeds of the sale and the balance thereafter remaining applied to the payment of the amount due upon the bonds, which was alleged to be the sum of $65,000 and interest, and which was proven and found to be that sum, with interest thereon from January 2, 1914.

The answer of the said defendant Chamberlin alleged his purchase and ownership of the said parcel " B," and that his interest therein was superior to the plaintiff's mortgage, and that, therefore, he was not a proper party defendant. The answer of the defendant Jamieson made similar allegations, and alleged further that his mortgage was a lien upon said parcel " B " superior to the lien of plaintiff's mortgage, and, therefore, it asked similar relief, viz., the dismissal of the complaint as to him. Such answer also asked for such other and further relief as might be proper, and the complaint also made a similar request.

At the trial there really was no dispute as to the facts. The plaintiff examined the defendant Chamberlin as his own chief witness. In fact, substantially all the evidence was taken in plaintiff's behalf.

The appeals appear to me to present for our consideration and determination three questions, viz.:

(a) Has the defendant, the said Chamberlin, a claim upon the said parcel " B," for the said purchase price of $10,000, superior to the mortgage in suit?

(b) Has the said defendant also a claim upon said parcel for the cost of the said improvement, viz., the construction of the said well, superior to the mortgage in suit?

(c) Has the defendant Jamieson a claim upon the said parcel superior to the mortgage in suit?

As to the first question, I think that the learned trial justice at the trial, that is, while the evidence was being taken, took the correct view, namely, that said Chamberlin was in equity entitled to the position of the holder of a purchase-money mortgage, at least for the $10,000 purchase

price upon parcel " B," just the same as the Tilyou Realty Company, the vendor, would be had it taken from Chamberlin such a mortgage for that amount instead of receiving from him the money. The only doubt upon the point expressed by the justice during the trial was whether or not the $10,000 so paid was really Chamberlin's money or that of the company. He, however, expressly found that it was his money, so that such doubt was finally resolved by the trial court in favor of the appellants, and they are here entitled to the benefit of such findings. Nevertheless that court found that Chamberlin fraudulently and wrongfully caused his name as vendee, instead of that of the Jamaica Company, to be inserted in the deed of said parcel " B " by the Tilyou Realty Company, and that, therefore, he held the title thereto in trust for the company and had a lien thereon for the $10,000, but subordinate to the mortgage of the plaintiff. In effect, he held that as to such price Chamberlin must be regarded merely as a general creditor of the company, as though he had loaned to it that money. The only facts found to support such conclusion of fraud and wrongdoing are (a) that Chamberlin was at that time director, treasurer and manager of the said Jamaica Company and had complete control of its affairs; (b) that the said company had possession of said parcel " B " under the lease, which had a little over a year to run and contained the said option; and (c) that he had full knowledge of the lease, option and situation.

The appellants claim that the reason why Chamberlin thus made the purchase was that the company had not the money with which to make it, and that it was very desirable for the company's interest that the purchase should be made before the expiration of the option, and that, therefore, Chamberlin made it in the interests of the company and took title in his own name so as to protect himself for his money paid out upon the purchase. He testified to that effect as to his motive. It appears that while holding the lease even prior to said purchase, the company had extended its buildings in part over that parcel " B." He also testified that the company was then hard pressed for money and, therefore, could not make the purchase. I perceive nothing in the record or in the general situation of the company as proven

to discredit that testimony.    The trial court, however, repeatedly in effect refused to find directly that the company did not then have the money with which to make the purchase, or that such was the motive of Chamberlin; but he did not find that such was not the fact or that such was not his motive.    Indeed that court did find that at no time since the purchase did the said company have funds to repay him for the said purchase money, which finding I think the appellants are entitled to have regarded here as in effect an affirmative finding that it did not have the money available when the purchase was made.    Perhaps such refusals to find directly were made because the several requests to find contained more than such bare facts.    At all events, I think that the evidence warranted and required such findings, viz., (a) that the company did not have such purchase money available; and (b) that its interests required the purchase to be made before the expiration of the option; and (c) that Chamberlin made the purchase with the motive so stated by him.    Considering the case from that view of the facts, it seems plain to me that Chamberlin was entitled in equity to have a lien in the nature of a purchase-money mortgage upon that parcel prior to the lien of plaintiff's mortgage. This is the view announced by the trial court at the trial, and it appears to me to be entirely correct.    The opinion of that justice indicates that upon reflection he changed his view because Chamberlin made the purchase, not at the request of the Jamaica Company, but upon his own motion. This appears to me to overlook the fact that Chamberlin was then practically the company, having, as director, treasurer and manager, its entire management, as the court found.    It is of some possible significance that after said deed to Chamberlin the rent under the lease, for the balance of the term, was upon the books of the company charged to it in his favor, which would seem to indicate that the company must have understood the transaction.    In any event, under the situation, it seems that the fact that such purchase was not then authorized by the direct vote of the board of directors is of little force.

The plaintiff's claim against parcel " B " is purely equitable, and in asserting such claim it is incumbent upon him to do

equity. That appears to me to require that Chamberlin be given an equitable lien upon the parcel for his payment of its purchase price, prior to the lien of plaintiff's mortgage. There is no superior equity in favor of the mortgage, by way of estoppel or otherwise. The claim of the mortgage upon that parcel is merely by virtue of its after-acquired property clause, and I cannot see how it can, as to such property, viz., parcel " B," have any greater right as against Chamberlin than the company itself would have were there no such mortgage.

The opinion further on states, in effect, that the transaction of the purchase could have been conducted so as to give Chamberlin such superior lien for the purchase price paid by him, but it does not specify how that could have been done. It may be inferred that the justice meant that it could have been accomplished by having the Tilyou Realty Company take back from Chamberlin or the company, as grantee, a purchase-money mortgage for the $10,000 purchase price, and then by having Chamberlin purchase the mortgage from that company for that amount. It seems to me that with the fiduciary relation of Chamberlin to the company, that is, the Jamaica Company, none of those makeshifts would have altered the situation at all, at least not in equity.

I conclude, therefore, that the superior lien of Chamberlin upon parcel " B," to the extent of the $10,000, with interest, should be upheld.

The second question to be determined is whether or not Chamberlin is entitled to have such superior lien also for his expenditures made in improving parcel " B," that is, for the construction in July, 1916, of the artesian well at the cost to him of $3,700, as the trial court found. There is no finding that in making that expenditure he acted in any way in bad faith, or that the building of the well was not necessary for the business and interests of the company. The evidence indicated directly the contrary — that is, that it was so necessary. At the trial the justice by his comments seemed to think that even upon his then view that Chamberlin had a superior lien for the purchase price, he had no such lien for that expenditure. Of course, with the view he finally took, that Chamberlin had no superior lien even

for the purchase price, it followed that he had no such lien for that expenditure.

In the case of *Staats* v. *Storm* (76 App. Div. 627; affd., 177 N. Y. 571) this court held that where the deed of a trustee was void and the grantee thereunder, while in possession, had borrowed money by mortgages upon the parcel purporting to be conveyed by it and had applied the money to permanent improvements of the property, enhancing its value, such mortgages constituted a good, equitable lien upon the property for the money so advanced and used. This was but a reasonable application of the doctrine that " He who asks equity must do equity." No doubt the doctrine will go no further than to give a lien for such expenditure not exceeding the amount to which the improvement enhanced the value of the property. (*Thomas* v. *Evans*, 105 N. Y. 601.)

Respondent makes no contention here that the well was not needed for the business of the company, or that it does not enhance the value of the property to the extent of its cost. In the absence of any such evidence, I think that it may be presumed that it does so enhance that value. Respondent's only criticism as to it seems to be that Chamberlin placed the well upon parcel " B," of which he held the legal title, and not upon the other parcels to which the company had the legal title. I think that upon the doctrine of the *Staats Case* (*supra*), we may well hold that Chamberlin has also a superior lien for the cost of constructing the well.

As to the third question to be determined here, viz., what is the right of defendant Jamieson under the mortgage given to him by Chamberlin upon said parcel " B," I think that that mortgage is good upon the interest of Chamberlin in said parcel, as such interest has before been defined. The trial court found that the mortgage to Jamieson, although upon its face for the sum of $25,000, was really given to secure him for moneys advanced or to be advanced by him for the benefit of said Jamaica Company, and that he did in fact thereunder advance the sum of $3,500 used by Chamberlin in constructing said well, and the further sum of $8,539.74 in paying certain promissory notes which, at the request of Chamberlin, he had indorsed for the benefit of the

company, making a total of $12,214.74 due upon said mortgage to Jamieson. The trial court also found that Jamieson, when he took the said mortgage, well knew that the Jamaica Company was in open and notorious possession of such parcel " B," and, therefore, that he had full knowledge of all the rights and equities of that company therein. His opinion indicates that he found such knowledge upon the basis of the constructive notice given by such possession, and that, therefore, Jamieson, by virtue of the mortgage to him, stood merely as an equitable assignee of Chamberlin to the extent of his advances thereunder. I quite agree in that view of the matter. Evidently, as he held Chamberlin's said claim to be subordinate to plaintiff's mortgage, he also held Jamieson's claim to be likewise subordinate, and to be merely a lien upon the said interest of Chamberlin, which he found to amount to the sum of $16,553, including interest to the date of the trial, June 20, 1917, and which claim of Jamieson, with interest to that date, he found to be $12,214.74. If, however, as I have above advised, we hold Chamberlin's said claim to be superior to that of the plaintiff's mortgage, then of course the said claim of Jamieson must be held to be superior even to that, and Chamberlin's claim reduced by the amount of Jamieson's.

The appellants further contend that, inasmuch as their claims are superior to the mortgage being foreclosed, there should in this action be no further adjudication thereof than that they are so superior, and that their claims should not be foreclosed, but that the plaintiff's mortgage should be foreclosed simply subject to the appellants' such claims. No doubt such procedure would be in accordance with the general rule; but I think that the situation here presents an exception to that rule. It may, I think, fairly be stated thus: The mortgagor, when this action was commenced, had as to parcel " B " merely the right as against Chamberlin to exercise the option in the lease to purchase, but it could do so only by repaying Chamberlin the $10,000 which he had paid for the parcel, with interest thereon. By the foreclosure the mortgagee succeeds to that right of the mortgagor, but only upon the same condition. His action to foreclose against

parcel " B " may, I think, be taken as his election to exercise that option, and, therefore, I think that the repayment to Chamberlin of the said purchase price and interest is necessarily, or at least properly, involved in this action as a condition to the maintenance and enforcement of plaintiff's equitable lien upon the parcel. In short, it is impossible to enforce that lien without enforcing that condition. No doubt the mortgagee was not bound to exercise the option upon that condition, and might refuse to take parcel " B " upon those terms, and perhaps may even yet refuse to do so and elect to confine his foreclosure to the other property of the mortgagor, but I assume from the general trend of the evidence that it would be much to his disadvantage to take that course. It may be noted in this connection that the complaint asked expressly that any prior lien might be paid out of the proceeds of the sale.

I advise, therefore, that the following findings of fact and conclusions in the decision be reversed, viz.: Findings IV, XIII, XVII, XVIII, XIX and XXIX, and all of the conclusions of law therein; and that we grant and find the following requests to find, which the trial court refused, viz., the defendant Jamieson's requests XVI and XVIII, and the defendant Chamberlin's request XXXI, and the following requested conclusion of law, viz., Jamieson's IV; and that we make the following additional findings and conclusions, viz.:

### Findings.

#### A.

That since the 17th of February, 1913, the defendant Franklin Chamberlin, by virtue of said deed by the Tilyou Realty Company to him of the said parcel described therein and purported to be conveyed thereby, has held the same subject to the right of the said Jamaica Bay Manufacturing Company and of the plaintiff under the said mortgage to exercise at any time the option contained in the said lease; and that the plaintiff now has that right, but only upon repayment to the said Chamberlin of the said sums so found due to him, aggregating $16,552, with interest thereon from June 21, 1917; and that the plaintiff now has the right, upon that condition, to have said parcel regarded as in all respects

the property of said Jamaica Bay Manufacturing Company and subject to the plaintiff's said mortgage.

## B.

That the bringing of this action may be regarded as such election on the part of the plaintiff, unless the same shall by the plaintiff be disclaimed by the filing with the clerk of this court of a written notice of such disclaimer within ten days after the entry of our order upon these appeals.

### CONCLUSIONS OF LAW.

## C.

That unless such notice of disclaimer be so filed, the plaintiff is entitled to have and enter judgment of foreclosure and sale of all the property described in the complaint and subject to said mortgage in the usual form.

## D.

That, in that event, out of the net proceeds of said sale after paying costs and allowances, there shall be paid: *First,* to the said Jamieson the sum of $12,214.74 so found due to him, with interest thereon from June 21, 1917; *second,* to the defendant, the said Chamberlin, the sum of $4,337.26, with like interest, being the balance of the sum of $16,552 so found due to him over the said sum of $12,214.74 so found due to the defendant Jamieson; and *third,* the balance of said proceeds upon the said bonds, and any surplus thereafter remaining to the said defendant, the Jamaica Bay Manufacturing Company.

## E.

That, if the plaintiff shall not so elect to exercise the said option and shall so file the said notice of disclaimer, the plaintiff shall have the usual judgment of foreclosure and sale as to all other property of the said defendant, the Jamaica Bay Manufacturing Company, described in the complaint as covered by the said mortgage, save and except the said parcel " B " so described in and purported to be conveyed by the said deed of the said Tilyou Realty Company to the said Chamberlin, and in that event the entire net proceeds

of said sale shall be ·applied to the said bonds and the payment of the amount so found due thereon.

I advise further that the judgment appealed from be modified to accord with the said conclusions so made, and as so modified be affirmed, with one bill of costs of the appeal to the defendants, the said Chamberlin and Jamieson.

JENKS, P. J., RICH, BLACKMAR and KELLY, JJ., concurred.

Judgment modified in accordance with opinion and as so modified affirmed, with one bill of costs of the appeal to the defendants Chamberlin and Jamieson. Order to be settled before Mr. Justice MILLS upon due notice.